HENRY C. ROGERS

*v.*

HELEN A. ROGERS.

[Decided December 19th, 1911.]

1. On a husband's petition for divorce on the ground of desertion— *Held*, upon the evidence, that the obstinacy of the wife's desertion is not proved.

2. The practical test of the duty of the husband to invite the wife back, stated.

Suit by husband for divorce on the ground of wife's willful, continuous and obstinate desertion for two years.

Heard on petition, answer and proofs taken in open court.

*Mr. Archibald C. Hart,* for the petitioner.

*Mr. Hiram C. Hance,* for the defendant.

STEVENSON, V. C. (orally).

My conclusion in the case of *Rogers* v. *Rogers* is that the petitioner has not satisfied the court that the defendant has been guilty for two years of an obstinate as well as a willful and continued desertion, and therefore the petition must be dismissed.

I do not propose to go over the facts—the evidence—at length, but I shall deal with the special point that was particularly reserved, namely, the attitude of mind which the defendant, Mrs. Rogers, exhibited on the stand by her own testimony with reference to her return to her husband. The parties disagreed; that is very plain. The wife, with her husband's consent, went to her parent's home with her two small children. It would be impossible to discover from this testimony exactly where the burden of blame lies. The indications are that both were to blame. The indications are quite strong that the husband, the petitioner, was, to a very considerable extent, derelict in his duty to treat his wife with consideration and kindness. The couple disputed and disagreed about the terms on which the wife should return to her husband's home. Some of the positions which the wife took may not have been warranted, but there is no doubt whatever, I think, that the wife in good faith felt that she had grievances against her husband, although there was very little testimony taken in regard to the physical condition of the husband.

The wife says that she thought that she was in danger if she continued marital intercourse with her husband, that she would become infected with disease. There isn't a particle of testimony in the case to show that she did not entertain this fear in good faith. She did not trump up this charge against her husband. The husband makes no effort to show that. He does not impeach the good faith of his wife in entertaining this apprehension. It became his duty as a just man to allay her fears and show that her apprehensions were without foundation. He

did nothing of the kind. He stayed away for two years. His demand was that she should return and comply with his conditions.

The wife and her father also were disposed to impose another condition, namely, that the wife should have the handling of the money which provided the food, fuel, and so forth, for household needs; in other words, that the wife should be trusted, as wives in families of this kind usually are trusted, with disbursing the moneys to run the household. There is nothing here to show that this woman was not competent to do this work. The indications are that the husband was penurious; that he was inclined to be a miser, and that he was not dealing with his wife in a reasonably liberal way.

We are not going, however, into all these little matters—these disputes—this haggling over the conditions upon which the wife was to return. The husband went away because she did not submit to his conditions, and remained away for two years without any effort to effect a reconciliation with his wife, and it throws great light on his character when we see that he made no effort to see these little children. A man who can remain away for two years from his children is liable to be the sort of man who would stay away from his wife and care nothing for her. The indications are that there is not a great deal of affection in the heart of this man or he would have accepted these conditions imposed rather than be separated not only from his wife but from his children.

Our law has refrained from laying down any hard and fast rule in regard to the duty which is imposed upon a husband, whose wife is separated from him where she is to blame, of inviting her to return. It would be difficult to frame any hard and fast rule. It is not a matter that can be dealt with in that way. When the question comes before the court whether a husband was under a duty to invite his wife to come back to his home before her continued separation could be adjudged to be obstinate on her part, the only test of any practical value in a large number of cases is the test of a reasonably kind and just man. Taking all the conditions and all the circumstances into consideration the question is, has this man acted like a just man?

Viewing the matter in that way I do not believe that Mr. Rogers, the petitioner here, acted as a reasonably, just and intelligent man ought to have acted when he stayed away for two years in silence without communication with his wife and children and during a large part of that time, submitting to the inevitable, contributed money from week to week for the support of these children whom he seems not to have cared to see or have anything to do with.

When a man sues his wife for divorce for desertion and charges her with willful, continued and obstinate desertion, he must prove that the desertion had those three characteristics. The burden is upon the husband, the petitioner. He must show, by a preponderance of the evidence, that his wife was guilty of obstinate desertion, and, in my judgment, in this case the husband entirely fails. As I have already indicated, the great weight of the evidence in this case tends to show that there was not such obstinacy on the part of the wife—that if proper approaches had been made to her—if an honest, sincere effort had been made by the husband for a reconciliation, it would have been successful.

I looked carefully through the testimony which I desired to have written out by the stenographer—the testimony that Mrs. Rogers herself gave where she, with great frankness, said she was not willing to go back unless her terms were complied with, and I find that she said nothing there to indicate that she had determined if her husband did the right thing and the fair thing that she would never go back to him. She says she was not willing to go back with him unless she had a separate room. The explanation is given. Whether she was warranted or not in her belief, she had a *bona fide* fear that she would become infected with disease if she returned to him, and the state of mind which she evinced in regard to the necessity of that condition before she would return to her husband is based on this honest, although, perhaps, mistaken, belief. It was her husband's duty to go to work as a just man and a kind man to remove that apprehension.

I think that the petitioner has entirely failed to make out a case of willful, continued and obstinate desertion, and the peti-

tion, therefore, will be dismissed, with costs, and a reasonable counsel fee. How much do you want, Mr. Hance?

Mr. Hance—I think $50 would be a fair allowance. This man is in receipt of a fair income and there has been considerable work done in the matter.

The Court—I think that is a reasonable amount. You can draw the order dismissing the petition and putting in that amount.